OPINION
{¶ 1} This an appeal from the trial court's November 18, 2002, Judgment Entry sentencing Appellant Peggy A. Brady to the maximum sentence of eight (8) years in prison.
 {¶ 2} Appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 3} On January 16, 2002, Appellant was indicted on One Count of Child Endangering in violation of R.C. § 2929.22(B)(5), a felony of the second degree.
 {¶ 4} The charge covered four blocks of time between February 16, 2001, and October 14, 2001, and involved Appellant's daughter who was fifteen (15) years old at that time.
 {¶ 5} On September 30, 2002, Appellant entered a plea of guilty to said charge. The trial court ordered a pre-sentence investigation and set a sentencing hearing for November 13, 2002.
 {¶ 6} At said sentencing hearing, the trial court having reviewed the Victim Impact Statements, a report by Melymbrosia and the pre-sentence investigation report, sentenced Appellant to the maximum sentence of eight years.
 {¶ 7} It is from this decision and sentence that Appellant brings the instant appeal, assigning the following error:
ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO THE MAXIMUM SENTENCE OF EIGHT (8) YEARS ON HER PLEA OF GUILTY AND HER ACCEPTANCE OF RESPONSIBILITIES."
 {¶ 9} Appellant in her sole assignment of error argues that the trial court abused its discretion by sentencing her to the maximum allowable sentence. We disagree.
 {¶ 10} The imposition of a maximum sentence is governed by R.C. § 2929.14(C). The statute states, in relevant part:
 {¶ 11} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 12} Revised Code § 2929.19, the statute which governs the sentencing hearing, also requires the trial court state its reasons to support the finding(s) used to justify the imposition of a maximum sentence. These "reasons" are an additional element to the "findings" requirement of R.C. § 2929.14(C). State v. Edmonson (1999),86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 13} With this authority in mind, we turn our attention to the record before us.
 {¶ 14} In its November 18, 2002 Judgment Entry, the trial court stated the following:
 {¶ 15} " the Court finds that it would demean the seriousness of the offense to impose the shortest prison term available for this offense. The Court selects the longest term because the defendant committed the worst form of the offense. The Pre-Sentence Investigation and the defendant's statement to law enforcement upon the initial investigation reveals that the defendant permitted, compelled and allowed her child to participate in the performance of sexual activity between the defendant and the defendant's husband. The sexual activity included having sexual intercourse in front of the child and, on at least one occasion, compelling the child to lay naked in the bed next to them. In the investigation interview, the defendant admitted that she did nothing to stop the sexual-related activities from continuing. Further she stated that "as long as there was no real penetration to take away [the victim's] virginity, it was not that bad."" (Judgment Entry on Sentencing at P. 3-4).
 {¶ 16} The trial court also found that the injury to the victim was worsened based on her age, that being fifteen; that the victim suffered serious psychological harm; that Appellant, as the victim's mother, held the highest position of trust to the victim and that she used such position to facilitate the offenses; and that Appellant showed no genuine remorse and continues to deny accountability. (Id. at P. 2).
 {¶ 17} We find that the trial court made the requisite findings for the imposition of greater than the minimum term pursuant to R.C. § 2929.14(B), and the court's decision to impose the maximum prison term for such count of child endangering pursuant to R.C. § 2929.14(C) was supported by the appropriate findings and reasons.
 {¶ 18} The Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J., and Wise, J. concur.